IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINCENT JOHN BAZEMORE, | § | |
| # 37160-177, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:15-CV-3574-O-BK |
| | § | (3:12-CR-0319-O-(01)) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. For the reasons that follow, it is recommended that the motion be summarily dismissed without prejudice.

In 2014, following a jury trial, Petitioner was sentenced to 240 months' imprisonment and ordered to pay restitution of $4,014,627.13. The United States Court of Appeals for the Fifth Circuit subsequently affirmed his conviction, but remanded the case for resentencing. *United States v. Bazemore*, 3:12-CR-0319-O (N.D. Tex., Dallas Div., Apr. 3, 2014), aff'd in part and remanded in part, 608 F. App'x 207 (5th Cir. Apr. 21, 2015), *cert. denied* No. 15-5313 (Oct. 5, 2015). Thereafter, the Court sentenced Defendant to 188 months' imprisonment and ordered him to pay restitution of $2,685,574.00.  Crim. Doc. 184.  A direct appeal is pending before the Fifth Circuit Court of Appeals. *See Bazemore v. United States*, No. 15-10805 (5th Cir.).

In the section 2255 motion, Petitioner challenges his 2014 conviction on the basis of ineffective assistance of counsel at trial and in first direct appeal.  Doc. 1 at 1, 4-8.  A district court does not entertain a section 2255 motion during the pendency of a direct appeal because

"the disposition of the appeal may render the motion moot." *Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968), *abrogated on other grounds*, *United States v. Ortega*, 859 F.2d 327 (5th Cir. 1988); *see also Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam). Moreover, in cases such as this "in which a defendant's conviction is affirmed on appeal but the case is remanded for resentencing, the defendant's conviction becomes final for limitations purposes under the AEDPA when . . . both the conviction and sentence become final by the conclusion of direct review or the expiration of time for seeking such review." [1] *United States v. Messervey*, 269 F. App'x 379, 381 (5th Cir. 2008) (per curiam); *see also Scott v. Hubert*, 635 F.3d 659, 664-667 (5th Cir. 2011) (reaching the same conclusion in the context of a habeas petition filed by a state prisoner under 28 U.S.C. § 2254).

For the foregoing reasons, it is recommended that the section 2255 motion be **DISMISSED WITHOUT PREJUDICE** to Petitioner reasserting it after the United States Court of Appeals for the Fifth Circuit has ruled on his direct criminal appeal.

**SIGNED** November 6, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] There is a one-year statute of limitations for filing motions to vacate, set aside, or correct sentence, that will apply to any subsequent section 2255 motion that Petitioner files in this Court. 28 U.S.C. § 2255(f)(1)-(4).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE