IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **VINCENT JOHN BAZEMORE,** §<br>**#37160-177,** §<br> §<br> Petitioner, §<br> § Civil Action No. 3:15-cv-03574-O<br>v. §<br> §<br>**UNITED STATES OF AMERICA,** §<br> §<br> Respondent. § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. *See* Findings, Conclusions, and Recommendation ("FCR"), ECF No. 3. Plaintiff filed objections. *See* Pl.'s Reply ("Objection"), ECF No. 7. The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which an objection was made. Anything not specifically objected to is subject to review for clear error.

In 2014, following a jury trial, Petitioner was sentenced to 240 months' imprisonment and ordered to pay restitution of $4,014,627.13. *See* FCR 1, ECF No. 3. The United States Court of Appeals for the Fifth Circuit affirmed his conviction, but remanded the case for sentencing. *United States v. Bazemore*, 3:12-CR-0319 (N.D. Tex. Apr. 3, 2014), *cert denied,* No. 15-5313 (Oct. 5, 2015). The Court subsequently sentenced Petitioner to 188 months' imprisonment and ordered him to pay restitution of $2,685,574.00. *See* FCR 1, ECF No. 3. A direct appeal is pending before the Fifth Circuit Court of Appeals. *See Bazemore v. United States*, No. 15-10805 (5th Cir.).

Petitioner filed a motion under 28 U.S.C. § 2255 to challenge his 2014 conviction on the basis of ineffective assistance of counsel at trial and in first direct appeal. *See* ECF No. 1. The Magistrate Judge recommended that the Court dismiss Petitioner's motion without prejudice because Petitioner's criminal case is currently on direct appeal before the United States Court of Appeals for the Fifth Circuit. *See* FCR, ECF No. 3. Petitioner objected on the grounds that "[i]n the context of post-conviction relief and the Antiterrorism and Effective Death Penalty Act (AEDPA), finality attaches when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for a writ of certiorari petition expires." *See* Pl.'s Obj. 1–2, ECF No. 7 (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)). Here, argues Petitioner, "Bazemore's conviction became final when the Supreme Court denied certiorari on October 5, 2015. Accordingly Bazemore's motion was timely filed." Pl.'s Obj. 2, ECF No. 7.

The Court finds that the docket sheet reflects that the appeal is still pending and no opinion has been rendered by the Fifth Circuit. *See Bazemore v. United States*, No. 15-10805 (5th Cir.). "A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot." *United States v. Fantozzi*, 90 F. App'x 73, 74 (5th Cir. 2004) (quoting *Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968), *abrogated on other grounds*, *United States v. Ortega*, 859 F.2d 327, 334 (5th Cir. 1988)). A "defendant's conviction becomes final for limitations purposes under the AEDPA when [] both the conviction and sentence become final by the conclusion of direct review of the expiration of time for seeking such review." *United States v. Messervey*, 269 F. App'x 379, 381 (5th Cir. 2008) (per curiam). As Petitioner's sentencing is still not final, this Court cannot consider the merits of Petitioner's § 2255 motion at this time.

Plaintiff's objections are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge as the findings of the Court. Accordingly, Petitioner's request for § 2255 relief is **DISMISSED without prejudice**.

**SO ORDERED** on this **29th day of January, 2016.**

_Reed O'Connor_
Reed O'Connor
UNITED STATES DISTRICT JUDGE